UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDDY CHAVEZ and<br>ERICKA ZELAYA-CHAVEZ | CIVIL ACTION NO.<br><br>JUDGE |
| VERSUS | |
| HOMESITE INSURANCE COMPANY | MAGISTRATE JUDGE |

## NOTICE OF REMOVAL

TO:  Plaintiffs, through their counsel of record
 John W. Redmann
 Robert W. Tschirn
 The Law Office of John W. Redmann, L.L.C.
 2901 N. Causeway Blvd., Suite 201
 Metairie, LA 70002

PLEASE TAKE NOTICE that, with a full reservation of rights, Homesite Insurance Company (hereinafter "Homesite"), defendant in that certain proceeding entitled *Freddy Chavez and Ericka Zelaya-Chavez v. Homesite Insurance Company*, No. 692004, Division "N," filed on or about August 31, 2010 in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, hereby files its Notice of Removal and removes this action to the United States District Court for the Eastern District of Louisiana. A copy of this Notice of Removal (with exhibits) is being served upon John W. Redmann, as counsel for plaintiffs, and a copy of this

1

Notice of Removal (with exhibits) is being filed with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson in conformity with 28 U.S.C. §1446(d).

Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served on Homesite is attached hereto as Exhibit A.

Homesite respectfully submits that the grounds for its removal of this action are as follows:

## THE PARTIES AND FACTS

1.

A Petition for Damages and Request for Notice Under La. C.C.P. Art. 1572 (hereinafter "Petition") entitled *Freddy Chavez and Ericka Zelaya-Chavez vs. Homesite Insurance Company*, No. 692004, Division "N," was filed on or about August 31, 2010 in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

2.

Upon information and belief, plaintiffs Freddy Chavez and Erica Zelaya-Chavez were at the time of the filing of this action, and still are, individuals domiciled in and citizens of the State of Louisiana. (Petition, Introductory Paragraph).

3.

Defendant Homesite was at the time of the filing of this action, and still is, a corporation organized under the laws of Connecticut with its principal place of business in Boston, Massachusetts.

4.

Plaintiffs allege that they are the owners of the property located at 2848 Victoria Drive, Marrero, Louisiana. (Petition, ¶ II).

5.

Plaintiffs allege that Homesite issued a homeowner's policy to them which insured the property located at 2848 Victoria Drive, Marrero, Louisiana. (Petition, ¶ III).

6.

Plaintiffs allege that the property located at 2848 Victoria Drive, Marrero, Louisiana sustained significant damages as a result of Hurricane Gustav. (Petition, ¶ V).

7.

Plaintiffs allege that they notified Homesite of their loss after Hurricane Gustav. (Petition, ¶ VI).

8.

Plaintiffs allege that Homesite failed to fully compensate them for their alleged property damages and financial losses due to Hurricane Gustav and that Homesite's failure to pay their claim is arbitrary and capricious. (Petition, ¶¶ VII-IX, XII-XXV).

9.

In addition to their alleged property damages and financial losses, plaintiffs seek to recover special damages, general damages, penalties, attorney's fees and costs pursuant to La. R.S. 22:1892 and La. R.S. 22:1973. (Petition, ¶¶ VIII, X, XVI, XXII).

**Subject Matter Jurisdiction Under 28 U.S.C. § 1332**

10.

As more fully detailed in the foregoing paragraphs, complete diversity of citizenship exits now and existed at the time of filing of the Petition between Homesite and plaintiffs.

11.

Based on the facts alleged in the Petition and on prior claim related documentation submitted by the plaintiffs, the amount in controversy can be expected by a preponderance of the evidence or with reasonable certainty to exceed $75,000, exclusive of interest and costs. Plaintiffs seek to recover property damages and financial losses, as well as special damages, general damages including damages for mental anguish and emotional distress, penalties, attorney's fees and costs. Prior to filing the Petition, plaintiffs submitted a settlement correspondence to Homesite which calculated their total alleged damages, including damages for bad faith and attorney's fees, in the amount of $106,084.93 (which amount includes $20,000.00 in estimated costs). Great weight must be given to plaintiffs' own assessment of the value of their case for purposes of diversity and removal jurisdiction. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994); see also *Fairchild v. State Farm Mutual Auto. Ins. Co.*, 907 F.Supp. 969 (M.D. La. 1995) (plaintiff's pre-suit settlement letter evaluating the claim at $110,000 was sufficient to indicate the amount in controversy at the time of removal).

Based on the facts as represented by plaintiffs, the amount in controversy in this case can be expected to exceed $75,000, exclusive of interest and costs, although Homesite expressly denies liability to plaintiffs for any amount.

4

PD.4270700.1

12.

Since there is complete diversity of citizenship between plaintiffs and Homesite and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §1332. Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. §1441.

13.

The plaintiffs' Petition was served on Homesite through the Louisiana Secretary of State on September 14, 2010. Thirty (30) days have not elapsed from the date that Homesite was served with a copy of the Petition. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. §1446(b).

14.

By the filing of this Notice of Removal, Homesite does not intend to waive any defenses available to it in this Court or in the state courts of Louisiana. Homesite further reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Homesite Insurance Company prays that this, its Notice of Removal, be deemed good and sufficient and that the aforesaid Petition for Damages be removed from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana to this Honorable Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action from such state court, and thereupon proceed with the civil action as if it had been commenced originally in this Honorable Court.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   /s/ Nora B. Bilbro
       Neil C. Abramson (Bar #21436)
       Nora B. Bilbro (Bar #22955)
       Canal Place
       365 Canal Street • Suite 2000
       New Orleans, Louisiana 70130-6534
       Telephone: (504) 566-1311
       Telecopier: (504) 568-9130
       Email: abramson@phelps.com
             bilbron@phelps.com

and

Marshall M. Redmon (Bar #18398)
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70821-4412
Telephone: (225) 346-0285
Telecopier: (225) 381-9197
Email: redmonm@phelps.com

COUNSEL FOR HOMESITE INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served on all counsel of record, by electronic notice, facsimile and/or First Class, United States Mail, properly addressed and postage prepaid, this 13th day of October, 2010.

/s/ Nora B. Bilbro

6

PD.4270700.1