```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA
```

FREDDY CHAVEZ and                              CIVIL ACTION
ERICKA ZELAYA-CHAVEZ

VERSUS                                         NO: 10-3459

HOMESITE INSURANCE COMPANY                     SECTION: R(2)

### ORDER AND REASONS

Before the Court is defendant Homesite Insurance Company's motion for summary judgment.[1] Because Homesite has established, as a matter of law, that plaintiffs Freddy Chavez and Ericka Zelaya-Chavez intentionally misrepresented material information related to their insurance claim, Homesite's motion is GRANTED.

### I.   BACKGROUND

This case concerns an insurance dispute over damage allegedly caused by Hurricane Gustav to the Chavezes' property in Marrero, Louisiana. The property was insured under a policy issued by Homesite. About three years before Hurricane Gustav, in 2005, the Chavezes collected on an insurance claim from Homesite for damages to the same property resulting from Hurricane Katrina, including damages to an outdoor storage shed.[2] Homesite's adjuster, Eagle Adjusting Services, estimated that

---

[1]   (R. Doc. 15.)

[2]   (R. Doc. 15-2 at 38; R. Doc. 15-5 at 1; R. Doc. 20-1 at 1.)

repairing the damage to the shed would require removal and replacement of the shed's roofing shingles and application of a sealer or primer and two coats of paint, at a total cost of $344.42.[3] It is undisputed that Homesite paid the Chavezes for the damage and that the Chavezes made no repairs to the shed.[4]

After Hurricane Gustav hit in 2008, the Chavezes submitted a separate insurance claim for damages allegedly caused by Gustav to the dwelling and shed.[5] A Homesite adjuster assessed the total damage to the property at $2,613.57, including $213.29 in roof damage to the shed.[6] Homesite then informed the Chavezes that it would be unable to issue any payments for the loss, because the estimated damages were less than the Chavezes' policy deductible of $2,880.00.[7] In response, the Chavezes obtained estimates from the Small Business Administration (SBA) and National Wood Floors Inc. The SBA estimate states the total damages to the Chavezes' property as $20,558.29, including $342.12 for the shed.[8] The National Wood Floors estimate is not contained in the record, but the Chavezes represent that it

---

[3]   (R. Doc. 15-2 at 38.)

[4]   (R. Doc. 20-1 at 1.)

[5]   (R. Doc. 15-5 at 1; R. Doc. 20-1 at 2.)

[6]   (R. Doc. 20-2 at 8.)

[7]   (*Id.* at 19.)

[8]   (R. Doc. 20-4 at 7.)

states "that the cost to repair certain portions of the Chavez's damage would be $7,500.00."[9] The Chavezes submitted those damage estimates to Homesite.[10] When they received no response, the Chavezes retained counsel and obtained another estimate from David G. Dye & Associates. Dye estimates the total damages to the Chavezes' property to be $15,433.33,[11] with $252.25 of that amount resulting from roof damage to the shed.[12] After receiving Dye's estimate, the Chavezes again demanded payment from Homesite.[13]

Homesite then retained an engineer, Timothy Moore, to inspect the property, specifically, to determine if any of the damages pre-dated the occurrence of Hurricane Gustav.[14] Moore concluded that "[t]he damaged roof covering at the storage building pre-dated the occurrence of Hurricane Gustav."[15] Moore based his conclusions on photos taken by Eagle Adjusting Services of the Chavezes' property in connection with their post-Katrina

---

[9]   (R. Doc. 20 at 3.)

[10]  (R. Doc. 20-5.)

[11]  (R. Doc. 20-6 at 8.)

[12]  (R. Doc. 20-6 at 4.)

[13]  (R. Doc. 20-9 at 3-7.)

[14]  (R. Doc. 15-3 at 8.)

[15]  (R. Doc. 15-3 at 11.)

claim.[16]  After the issuance of Moore's report, Homesite again refused payment on the Chavezes' claim.[17]

On August 31, 2010, the Chavezes filed this action in the 24th Judicial District Court for Jefferson Parish against Homesite, alleging that they sustained damages from Homesite's failure to fully compensate them for their losses.[18]  Homesite removed the case to this Court on October 13, 2010.[19]  Homesite now moves for summary judgment, asserting that it may deny coverage under the policy because the Chavezes misrepresented that the damage to the shed was caused by Hurricane Gustav.

**II.   STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in

---

[16]    (*Id.*)

[17]    (R. Doc. 20-14 at 3-4.)

[18]    (R. Doc. 1-1.)

[19]    (R. Doc. 1.)

4

the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element

5

of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discover and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).

## III. DISCUSSION

The Chavezes' insurance policy contains the following clause, which applies to coverage for damage to the dwelling and outdoor structures:

    2.    Concealment Or Fraud

        a.    Under Section I – Property Coverages:

           . . .

           (2)  With respect to loss caused by a peril other than fire and with respect to all "insureds" covered under this policy, we provide no coverage for loss under Section I – Property Coverages if, whether before or after a loss, one or more "insureds" have:

>    (a)   Intentionally concealed or misrepresented any material fact or circumstance;
>
>    (b)   Engaged in fraudulent conduct; or
>
>    (c)   Made false statements;
>
>    relating to this insurance.

Homesite contends that it is entitled to deny coverage based on this policy language, asserting that the Chavezes materially misrepresented the extent of the damages sustained as a result of Hurricane Gustav.

Because this case was removed on the basis of diversity jurisdiction, and the relevant policy covers Louisiana insureds, the question of whether Homesite may avoid the Chavezes' insurance coverage must be decided by Louisiana law. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007). Under Louisiana law, an insurer may avoid coverage on grounds of material misrepresentation only if: "(1) the statements made by the insured were false; (2) the misrepresentations were made with the actual intent to deceive; and (3) the misstatements materially affected the risk assumed by the insurer." *Cousin v. Page*, 372 So.2d 1231, 1233 (La. 1979); *see also Dean v. State Farm Mut. Auto. Ins. Co.*, 975 So.2d 126, 131 (La. Ct. App. 2008) (holding that the same test is applicable to both misrepresentations made in the negotiation of an insurance contract and those that occur after the issuance of a

policy or occurring after a loss). The insurer claiming the defense of material misrepresentation in order to avoid coverage bears the burden of proving that there was a misrepresentation, and that it was made with the intent to deceive. *Cousin*, 372 So.2d at 1231.

The Court first considers whether the Chavezes made a false statement. The Chavezes maintain that this prong of the material misrepresentation test cannot be satisfied because Homesite "cannot point to a single statement made by Mr. Chavez or Mrs. Chavez that was false."[20] Yet, the Chavezes do not dispute that they were paid for roof damage to the shed following Hurricane Katrina, that they made no repairs to the shed, and that they submitted another claim for roof damage to the shed after Hurricane Gustav. Further, according to the report of Timothy Moore, the damages to the shed claimed by the Chavezes following Hurricane Gustav resulted exclusively from Hurricane Katrina. The Chavezes offer no evidence to contradict his conclusions. Based on the evidence in the record, the Court finds that Homesite has established, as a matter of law, that the Chavezes' insurance claim contained a misrepresentation that Hurricane Gustav caused damage to their shed.

With regard to the second prong, the Chavezes argue that Homesite's motion must be denied because it has failed to produce

---

[20]   (R. Doc. 20 at 9.)

evidence that the misrepresentation was made with the actual intent to deceive.  Louisiana courts, however, have recognized that there will rarely be direct evidence of intent to deceive and that intent to deceive therefore "must be determined from surrounding circumstances indicating the insured's knowledge of the falsity of the representations . . . and his recognition of the materiality of his misrepresentations, or from circumstances which create a reasonable assumption that the insured recognized the materiality." *Cousin*, 372 So.2d at 1233.  The Chavezes do not dispute that they were aware that they had already recovered for damages to the shed resulting from Hurricane Katrina, that they made no repairs to the shed, and that they nonetheless submitted a second claim for damages to the shed following Hurricane Gustav.  Although the Chavezes suggest in their opposition to Homesite's motion that they believed Gustav caused additional damage to the shed, that suggestion is not contained in an affidavit or in any other form of admissible evidence.  Moreover, a comparison of the photographs taken of the shed following Katrina[21] and those taken following Gustav[22] reveals no apparent additional damage from Gustav.  Further, all of the relevant documents show both claims involved roof damage.  Thus, the Chavezes submit no evidence to controvert the reasonable

---

[21]   (R. Doc. 15-2 at 50.)

[22]   (R. Doc. 15-3 at 25-26.)

inference that they intended to recover for the same damage twice through their misrepresentation. Accordingly, based on the circumstances surrounding the Chavezes' insurance claim, the Court finds that Homesite has established that the misrepresentation was made with the intent to deceive. And because the Chavezes concede that the misrepresentation was material,[23] the Court finds that Homesite was not obliged, as the Chavezes allege, to compensate them for their losses under the policy.

**IV. CONCLUSION**

For the foregoing reasons, Homesite's motion for summary judgement is GRANTED, and plaintiffs' complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 8th day of July, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[23] (R. Doc. 20 at 9.)